**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANSELMO PASCUAL PUENTES SOLIS,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>　　　　　　Respondent. | No. 09-70350<br><br>Agency No. A098-159-082<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2011[**]

Before:　　FARRIS, O'SCANNLAIN, and BYBEE, Circuit Judges.

　　Anselmo Pascual Puentes Solis, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

asylum.　Our jurisdiction is governed by 8 U.S.C. § 1252.　We review for

---

　　[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision
without oral argument.　See Fed. R. App. P. 34(a)(2).

substantial evidence factual findings, *INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1 (1992), and we review de novo due process claims, *Vasquez-Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir. 2003). We deny in part and dismiss in part the petition for review.

The record does not compel the conclusion that internal relocation for Puentes Solis is unreasonable. *See* 8 C.F.R. § 1208.13(b)(1)(i)(B) (presumption of a well-founded fear of future persecution is rebutted if the applicant could reasonably be expected to relocate to another part of the country to avoid future persecution).

Puentes Solis failed to exhaust his contention that the IJ violated due process by not acting as a neutral decision maker. Accordingly, we lack jurisdiction to review this claim. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004); *Sanchez-Cruz v. INS*, 255 F.3d 775, 780 (9th Cir. 2001).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**